IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OMINI TETE RIMAN,<br><br>Defendant | No. 1:25-CR-99<br><br>COUNT ONE:<br>Attempts to Interfere with Administration of Internal Revenue Laws<br>(26 U.S.C. § 7212(a))<br><br>COUNTS TWO THROUGH SEVEN:<br>Failure to File Income Tax Return<br>(26 U.S.C. § 7203) |

### INDICTMENT

(April Term 2025 – at Alexandria)

The Grand Jury charges:

### Introduction

At all times relevant to this Indictment, unless otherwise specified:

*The Defendant*

1. The Defendant, OMINI TETE RIMAN ("RIMAN") was a naturalized citizen of the United States. RIMAN resided in Woodbridge, Prince William County, Virginia, within the Eastern District of Virginia.

2. RIMAN was an information technology specialist and earned wage income from his employer. RIMAN was also a landlord and earned rental income from tenants and the government of Prince William County.

*The Internal Revenue Service*

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of, and collecting taxes owed to, the United States.

1

*Tax Forms and Terms*

4. An IRS Form 1040, United States Individual Income Tax Return ("Form 1040"), was an annual income tax return that individual taxpayers filed with the IRS. Items reported on Form 1040 included, but were not limited to, a taxpayer's income (including rental income and wage income) and any federal tax withheld therefrom during the tax year. Such items were used to determine the amount of federal tax owed by, or refund owed to, the taxpayer. United States citizens and residents were required to file a Form 1040 or other federal income tax return if their gross income during a calendar year was at least a certain amount (the "filing threshold").

5. IRS Forms 1099 were a group of information returns that individual taxpayers used to report non-employment income to the IRS.

6. Filing Information Returns Electronically ("FIRE") was a system by which return information, such as that reported on Forms 1099, was electronically submitted to the IRS.

7. A "levy" was a legal seizure by the IRS of a taxpayer's property to satisfy the taxpayer's tax debt to the IRS. The levy could apply to, among other forms of property, a taxpayer's wages and the funds in the taxpayer's bank account.

8. A "federal tax lien" was the federal government's claim against a taxpayer's property when the taxpayer neglected or failed to pay a tax debt. The lien protected the federal government's interest in the taxpayer's property, including real estate, personal property, and financial assets. A "Notice of Federal Tax Lien" was a public document, submitted by the IRS to state and local authorities, to alert creditors that the federal government had a legal claim to a taxpayer's property.

## General Allegations

### *The Defendant's False Tax Returns*

9.  On or about the dates below, RIMAN filed with the IRS false Forms 1040 for tax years 2013 and 2014. On the Forms 1040, RIMAN falsely reported that he had earned large amounts of total income and that large amounts of federal income tax had been withheld during those tax years. Based on RIMAN's false Forms 1040, RIMAN claimed large tax refunds from the IRS, to which he was not entitled. As a result of RIMAN's false Forms 1040, the IRS issued him large tax refunds, to which he was not entitled.

| Tax Year | Date 1040 Filed (Approx.) | Total Income Reported | Federal Tax Withholding Reported | Refund Claimed | Refund Issued |
|---|---|---|---|---|---|
| 2013 | 9/22/2014 | $1,219,513 | $615,010 | $207,841 | $213,577 |
| 2014 | 10/6/2015 | $645,027 | $366,574 | $186,468 | $186,468 |

### *IRS Collection Activity*

10.  Beginning in or around April 2016, the IRS attempted to collect from RIMAN the tax refunds it had issued to him based on the false Forms 1040 for tax years 2013 and 2014. The IRS's collection activity included, but was not limited to: assessing taxes, penalties, and interest against RIMAN for tax years 2013 and 2014; sending correspondence to RIMAN about his tax liabilities; contacting RIMAN by phone about his tax liabilities; filing a Notice of Federal Tax Lien against RIMAN's property; and levying RIMAN's wages, rental income, and financial accounts.

### *The Defendant's Obstruction*

11.  On or about April 16, 2019, during a phone call with the IRS, RIMAN falsely claimed he was not a United States citizen.

12.  Prior to September 24, 2019, the IRS filed a Notice of Federal Tax Lien against RIMAN's real estate property and notified RIMAN of the filing of the lien. On or about

September 24, 2019, RIMAN caused the ownership of one of his rental properties to be transferred to an entity called Heneovai Trust, which he controlled.

13. On or about July 17, 2020, the IRS sent RIMAN a letter stating that it intended to levy his personal property, including his bank accounts. On or about August 3, 2020, RIMAN opened a new bank account in the name of Heneovai Trust (the "Heneovai Account"). RIMAN later withdrew funds from his bank accounts and deposited them into the Heneovai Account.

14. On or about September 9, 2020, RIMAN directed his employer to stop depositing his wages into his bank account and to begin depositing them into the Heneovai Account. As a result, RIMAN's employer began depositing his wages into the Heneovai Account.

15. On or about September 10, 2020, RIMAN directed one of his tenants to deposit rent payments into the Heneovai Account. As a result, the tenant began depositing their rent payments into the Heneovai Account.

16. On or about December 16, 2020, RIMAN caused another of his tenants to begin depositing their rent payments into the Hencovai Account.

17. On or about January 11, 2021, RIMAN caused to be submitted to FIRE false information for two Forms 1099, purportedly issued from RIMAN to an IRS employee involved in the IRS's collection activity against RIMAN. The information falsely reported that the IRS employee had borrowed property from RIMAN, and that RIMAN had cancelled a debt owed to him by the IRS employee. RIMAN later mailed, and the IRS received, two Forms 1099, which reported the same false information. Had the IRS accepted the false information and forms submitted by RIMAN, the IRS employee's own tax liability would have increased.

18. Prior to February 8, 2021, the IRS sent a Notice of Levy to one of RIMAN's tenants, stating that RIMAN owed approximately $643,000.00 to the IRS, and instructing the tenant to pay their rent to the IRS instead of paying it to RIMAN. On or about February 8, 2021,

RIMAN falsely claimed to the tenant that RIMAN did not owe the IRS. RIMAN directed the tenant to disregard the IRS notice and continue paying rent to him instead.

*Response to Target Letter*

19. On or about January 24, 2025, RIMAN was served a letter by law enforcement officers notifying RIMAN that he was the target a federal Grand Jury investigation into alleged violations of federal tax laws. In response, on or about February 5, 2025, RIMAN submitted to the IRS Forms 1040 for tax years 2017 through 2020 which falsely reported that RIMAN had earned no income during those years.

## Count One
## Attempts to Interfere with Administration of Internal Revenue Laws

20. Paragraphs 1–19 are realleged and incorporated herein.

21. From in or around April 2019 through in or around February 2021, within the Eastern District of Virginia and elsewhere, the Defendant, OMINI TETE RIMAN, knowing of and reasonably foreseeing the IRS's collection activity described in Paragraph 10, corruptly obstructed and impeded, and endeavored to obstruct and impede, the due administration of the internal revenue laws—that is, the IRS's efforts to collect the taxes, penalties, and interest assessed against him for tax years 2013 and 2014—by committing and causing to be committed various acts, each such act having a nexus to the collection activity, including, but not limited to:

  a. Transferring his property to a trust;

  b. Opening a nominee bank account and depositing and causing to be deposited funds and income into that account;

  c. Submitting false information and Forms 1099 to the IRS; and

  d. Directing one of his tenants to disregard an IRS Notice of Levy.

(All in violation of Title 26, United States Code, Section 7212(a).)

### Counts Two through Seven
### Failure to File an Income Tax Return

22. Paragraphs 1–19 are realleged and incorporated herein.

23. During the years below, RIMAN earned wages from his employer and rental income from tenants and the government of Prince William County in the approximate amounts below.

| Tax Year | Wages (Approximate) | Rental Income (Approximate) |
|---|---|---|
| 2015 | $112,000 | (none) |
| 2016 | $108,000 | $6,350 |
| 2017 | $105,000 | $37,300 |
| 2018 | $107,000 | $37,300 |
| 2019 | $121,000 | $22,700 |
| 2020 | $128,000 | $23,500 |
| 2021 | $130,000 | $2,950 |
| 2022 | $134,000 | (none) |
| 2023 | $137,000 | (none) |

24. On or about the dates below, within the Eastern District of Virginia, the Defendant, OMINI TETE RIMAN, knowing and believing he was required by law to file with the IRS income tax returns for the tax years below on or before the dates below, willfully failed to file such returns by the respective filing deadlines.

| Count | Tax Year | Filing Deadline |
|---|---|---|
| Two | 2018 | April 15, 2019 |
| Three | 2019 | July 15, 2020 |
| Four | 2020 | May 17, 2021 |
| Five | 2021 | April 18, 2022 |
| Six | 2022 | April 18, 2023 |
| Seven | 2023 | April 15, 2024 |

(All in violation of Title 26, United States Code, Section 7203.)

A TRUE BILL

Pursuant to the E-Government Act, The original of this page has been filed under seal in the Clerk's Office

Foreperson of the Grand Jury

_____
Date

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By: _____
Jordan M. Harvey
Assistant United States Attorney

_____
Daniel Lipkowitz
Isaiah Boyd III
Trial Attorneys
United States Department of Justice, Tax Division
Southern Criminal Enforcement Section